# IN THE COURT OF APPEALS OF IOWA

No. 20-1564
Filed December 7, 2022

**ARNEZ ALLEN HARRIS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.

Arnez Harris appeals the denial of his motion to correct illegal sentence.

**AFFIRMED.**

Beau A. Bergmann of Bergmann Law Firm, P.L.L.C., Mt. Pleasant, for

appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee State.

Considered by Bower, C.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**BOWER, Chief Judge.**

In 2019, Arnez Harris filed a motion to waive assorted outstanding court costs and fees related to four misdemeanor cases and a postconviction claim. Counsel then amended the filing, captioning it a motion to correct illegal sentence, alleging the court in imposing fines failed to consider Harris's indigent status, and adding an ineffective-assistance-of-counsel claim. No records of the fees assessed or Harris's outstanding balances were submitted, only a table of costs created by Harris's attorney. Trial counsel's motion and amended application noted two of the criminal cases were dismissed with court costs assessed. Counsel claimed, without providing any evidence, costs in Harris's postconviction action had been assessed against him in spite of a September 8, 2000 order vacating Harris's underlying plea and sentencing and assessing "all court costs and court appointed attorney fees" to the State.

The district court ruled Harris was not entitled to relief under either the postconviction-relief statutes or a motion to correct illegal sentence.[1] The court ruled that Harris's request to reconsider the costs and restitution was limited to a petition to modify restitution under Iowa Code section 910.7 (2020).[2] Our case law is clear that any request for restitution modification after the appeal period has run is limited to a section 910.7 hearing. *See* Iowa Code § 822.2(1)(g) (allowing a

---

[1] The amended petition lists all five case numbers Harris included in his petition— the two dismissed cases, two guilty plea cases from 2007 and 2009, and the postconviction case. However, the district court's ruling and the notice of appeal only include the postconviction case number.

[2] Although Harris raised a section 910.7 hearing in his motion to waive, his counsel did not request a restitution hearing in the amended application. Our record contains no evidence of Harris's restitution plan.

person convicted to institute a proceeding for a conviction or sentence subject to collateral attack "except alleged error relating to restitution, court costs, or fees under section 904.702 or chapter 815 or 910"); *State v. Gross*, 935 N.W.2d 695, 699 (Iowa 2019).

On appeal, Harris asserts the district court erred by failing to sua sponte consider the motion to correct an illegal sentence as a section 910.7 petition. First, we agree with the State this issue was not preserved, as the issue was not raised in or decided by the district court. *See Gross*, 935 N.W.2d at 698 ("Generally, error is preserved on an issue if (1) a party raises the issue before the district court, (2) the district court rules upon the issue, and (3) the party again raises the issue on appeal.").

Even if preserved, notice was not provided to the necessary parties under section 910.7. Further, the record is inadequate for the remedy requested—the court was not provided Harris's current restitution plan, it is unclear if he is within "the period of probation, parole, or incarceration" for any of the offenses, and the record lacks any necessary information to determine if the fees and costs are in fact criminal restitution under chapter 910. *See* Iowa Code § 910.7.

As to the postconviction case, the September 8, 2000 order assessed all court costs and appointed attorney fees to the State, and Harris should contact the clerk of court to correct any erroneous assessment.[3]

**AFFIRMED.**

---

[3] This decision does not affect any fees assessed after Harris's 2019 motion under the same case number.